# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2126
_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy Agard

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen
_____

Submitted: February 27, 2019
Filed: March 4, 2019
[Unpublished]
_____

Before GRUENDER, BOWMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

        Jeremy Agard, who pleaded guilty to assault and abusive sexual contact, appeals his 235-month prison sentence. As part of his plea agreement, he waived his right to appeal anything other than an above-Guidelines-range sentence. The

235-month sentence the district court[1] imposed was lower than the 240-month sentence recommended by the Guidelines. In an *Anders* brief, Agard's counsel raises the substantive reasonableness of the sentence as a potential issue on appeal and requests permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967).

We review the validity and applicability of an appeal waiver de novo. *United States v. Azure*, 571 F.3d 769, 772 (8th Cir. 2009). Upon careful review, we conclude that the appeal waiver is enforceable and that it is applicable to the issue raised on appeal. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and conclude that there are no non-frivolous issues for appeal falling outside the scope of the appeal waiver. Accordingly, we dismiss the appeal and grant counsel permission to withdraw.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.